SUPERIOR COURT
OF GUAM

2018 JAN -3 PM 4: 35

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

SETSUKO C. ANDO, )
)
                Plaintiff, )
)
      vs. )
)
JAMES A. BUNN, )
)
              Defendant. )
)
)
)

Case No. DM0542-01

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 8, 2017 for review of the Administrative Hearing Officer's ("AHO" or "Hearing Officer") denial and subsequent Written Findings regarding the exclusion of private school tuition as it relates to child support. The parties in this matter include: Setsuko C. Ando ("Plaintiff"), James A. Bunn ("Defendant"), and the Child Support Enforcement Division of the Office of the Attorney General ("Government") represented by Assistant Attorney General Renaida H. Zulueta.[1] Having duly considered the record, the objection filed by the Government, and applicable law, the Court now issues the following Decision and Order affirming the Hearing Officer's Written Findings.

---

[1] Plaintiff and Defendant are not represented by counsel for the child support matter before the Hearing Officer.

**ORIGINAL**

## BACKGROUND

On November 26, 2001, Plaintiff and Defendant divorced.[2] (Final Decree of Divorce, Nov. 26, 2001.) The Interlocutory Judgment of Divorce, which was incorporated into the Final Decree of Divorce, referenced a Divorce and Property Settlement Agreement executed by the parties which provided that Defendant would pay Plaintiff monthly child support in the amount of $183.95. (Divorce and Property Settlement Agreement, Oct. 23, 2001.)

On October 18, 2016, the Government filed a Motion to Modify Child Support Order requesting therein that child support be modified to $769.70 per month on the basis that there exist a "material and substantial change in circumstances", specifically, that several years have passed since child support was initially determined and that the parties' minor child attends private school. (Mot. to Modify Child Support Order, Oct. 18, 2016.) During a motion hearing on January 17, 2017, the Hearing Officer ordered that monthly child support be modified to $471.56 based on changes in the parties' income. (Log Notes, Jan. 17, 2017; Findings and Order Re: Modification of Temporary Child Support, Feb. 16, 2017.)

The AHO held another hearing on March 24, 2017 to determine if child support should be further adjusted to include the cost of private school tuition. At the hearing, the AHO denied the inclusion of private school tuition as part of Defendant's child support obligation on the basis that he did not agree to the enrollment of the child in private school pursuant to 19 G.A.R. § 1203(e). Following the hearing, the Government filed an Objection to Court's Denial of Educational Expenses and the matter was subsequently referred to this Court under Rule 7.1. of the Rules for Expedited Process. (See Request for Review of Court's Denial, Apr. 3, 2017.)

On August 9, 2017, the Court ordered the AHO to prepare written findings memorializing its decision on March 24, 2017 denying the inclusion of private school tuition as

---

[2] The prior marriage between the parties produced one child.

part of Defendant's child support obligation. The AHO issued Written Findings on September 8, 2017, at which time the Court took the matter under advisement.

## DISCUSSION

As a preliminary matter, the Court notes that "the Legislature created the position of family court referee for the purpose of expediting the process of determining child support" and "the principal purpose of the [Judicial Hearings Division] is to provide a speedy and efficient legal process in child support cases."[3] Lamb v. Hoffman, 2008 Guam 2 ¶ 41; 19 G.C.A. § 5502. In reviewing a Referee or Hearing Officer's findings, this Court must "make a good faith effort to supervise the referee and correct any obvious errors" while relying on "the competency and experience" of the officer. Lamb, 2008 Guam 2 ¶¶ 41-42. "If [this Court] is sufficiently confident in the findings of the referee, [it] may simply accept the referee's conclusions with minimal comment." Id., ¶ 42. Similarly, this Court "need not conduct an in-depth review of the referee's recommendation before ratification." Palomo v. Manglona, 2012 Guam 18, ¶ 23 (*citing* Lamb, 2008 Guam 2 ¶ 41).

Upon review of the AHO's Writing Findings, this Court discerns no error or abuse of authority. The AHO properly considered the competing interpretations of the applicable statutes, specifically, 19 G.A.R. § 1203(e) which states that private school educational expenses may be added to an individual's child support obligations "when such expenses are incurred by agreement of both parents or by order of the court." 19 G.A.R. § 1203(e). The AHO properly reasoned that the statutory text requires that both parents agree to any reasonable and necessary expenses for a child's attendance in private school before such costs are added to a party's child support obligation, absent a court order. In finding that the Defendant did not agree to send his child to private school, and that no other compelling reasons exist to order private school tuition expenses without Defendant's consent, the AHO's decision was proper. Considering the AHO

---

[3] The terms "Referee" or "Hearing Officer" are used interchangeably herein.

engaged in an analysis of the instant matter and arrived at a conclusion supported by statutory authority, this Court will not disturb the findings of the AHO. Accordingly, the Court affirms the Hearing Officer's Written Findings.

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Hearing Officer's Written Findings.

**IT IS ORDERED** on this 3rd day of January, 2018.



_____

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**



